## WRIGHT *against* BARNES and others.

If under a contract to deliver a parcel of goods of a certain description, there be an essential deficiency in the parcel, such as would and ought to be regarded as material to the whole, the vendee is not bound to accept and pay for either the whole or a part.

THIS was an action on the following written contract: " *Bristol, November* 30th, 1836. This day agreed with *Harvey Wright* to take of him 1500 dozen mahogany knobs, equal in size and finish to those last bought of him, at 40 cents per dozen, amounting in all to 600 dollars; for which we are to pay him in store-pay, at the store of *Upson, Merrimans & Co.,* 200 dollars, and the balance, 400 dollars, to be paid by note, four months from the time each 500 dozen are delivered; and to pay interest on 200 dollars from the time of delivery. Said knobs to be delivered, 500 dozen the 1st of *March* next, and the balance in *April* next.

*E. Barnes & Co.*"

The cause was tried at *Hartford, September* term, 1841, before *Storrs,* J.

On the trial, the plaintiff claimed to have proved, that he delivered to the defendants, at his manufactory in *Bristol*, at three several times, all the knobs contracted for, *viz.* 500 dozen on the 1st of *January*, 1837, 751 dozen on the 12th of *April*, 1837, and 280 dozen on the 28th of *April*, 1837 ; that these knobs had been received, by the defendants, and taken away ; and that all of them had been paid for, by the defendants, except 336 dozen, part of the second parcel delivered on the 12th of *April*, 1837. As to these, the plaintiff claimed to have proved, that at the time and place specified, he delivered to the defendants two boxes, containing 751 dozen of knobs, each knob wrapped in paper, and each parcel of 3 or 4 dozen, wrapped in larger paper, and the whole enclosed in said two boxes ; and that these two boxes of knobs were then received, by the defendants, without any new agreement, and, on the same day, removed, by the defendants, to their own premises, more than a mile distant ; that the defendants, at this time, paid the plaintiff for the parcel of 500 dozen first delivered ; that on the 18th of *April*, 1837, the defendants gave their promissory note to the plaintiff for 102 dollars, on account of the parcel of 751 dozen ; that said two boxes of knobs, after they were so delivered and taken away by the defendants, were deposited by them on the damp ground, in an open horse-shed of the defendants, and there left by them, more than six weeks ; that in the latter part of *May*, 1837, they were opened by the defendants, in the absence of the plaintiff, and a part of the knobs in each of the boxes found in bad condition, the varnish being flayed off.

It was proved and admitted, that the defendants, afterwards, without any new agreement or consent on the part of the plaintiff, took a large quantity of the knobs from each of said two boxes, amounting to 451 dozen, and disposed of them to their own use ; for which they have since paid the plaintiff.

The plaintiff also claimed to have proved, that all the knobs contracted for were conformable to the contract, and were in good order and condition, when delivered to the defendants; and the plaintiff insisted, that he had a right to recover for all the knobs under the terms of the contract.

The defendants had tendered to the plaintiff the sum of 8 dollars, which they brought into court, and the plaintiff re-

*Hartford,*
June, 1842.

Wright
*v.*
Barnes.

ceived it, on account of the other knobs, parcel of the 1500 dozen.

The defendants, on their part, claimed to have proved, that said two boxes of knobs were taken by them from the plaintiff's manufactory, on the 12th of *April*, 1837, without examination, and were immediately removed and deposited in their store-house, in a safe and suitable place, and there remained until they were opened ; that some time within ten days after the 4th of *May*, 1837, they were by the defendants opened and examined, and certain packages of knobs containing 459 dozen, were taken out from the boxes, some from each box, and disposed of to their own use ; and that the remaining packages in both boxes, containing 336 dozen, were all opened, and all or a part of the knobs in each package, were taken out of their wrappers and examined ; that the greater part in each package was found bad ; that in a large number of packages, every knob was examined, and the majority in each package were found bad, and in each of the other packages, from 6 to 20 knobs were found bad, and not conformable to the contract ; that within six weeks after the boxes were opened, the defendants gave notice to the plaintiff that the knobs were bad and not conformable to the contract, and that the defendants should not accept or pay for them ; that the plaintiff, at that time, examined a portion of the bundles, and admitted that they were thus ; and that said 336 dozen knobs were put, by the defendants, into one of the boxes, and left in their store-house, with the knowledge of the plaintiff, until the 1st of *June*, 1837, when the defendants sold and delivered possession of the store-house to *Chauncey Boardman*, where the knobs have ever since remained.

There was no proof nor claim of fraud in either party ; nor was there any other proof that the knobs were rejected by the defendants, or that the contract was rescinded ; nor was there any controversy between the parties as to any of the knobs so taken and carried away, except as to said **336** dozen ; with respect to which, the only question of fact was, whether they, or any part of them, were, when taken away, made conformable to the terms of the contract.

The defendants admitted, that if the whole of the **336** dozen of knobs, were, when so taken by them, conformable to the terms of the contract, they were liable to pay for them,

at the contract price ; but this they denied, and claimed that they were not bound to account or pay for any of them.

The plaintiff claimed, that all of the 336 dozen of knobs when so carried away by the defendants, were conformable to the contract; and if so, they were bound to pay for the whole, at the contract price ; and that if only a part of the 336 dozen were, when so carried away by the defendants, conformable to the contract, they were liable to the plaintiff for such part, at the contract price.

Both parties requested the court to charge the jury agreeably to their respective claims.

The court charged the jury, that as to the 336 dozen of knobs in question, there was no warranty in the case, except what was expressed in the written contract ; that if all the knobs in question were, when so taken away by the defendants, conformable to the contract, the plaintiff was entitled to recover for them, at the contract price ; that if they were not all then conformable to the contract, the defendants were not bound to accept of them, or any of them ; that, in that case, they were at liberty to accept them, or any part of them, if they chose to do so ; and in case of such acceptance, they were liable to the plaintiff for such as were conformable to the contract, at the price stipulated therein, and for those that were not, at their fair value ; and that the defendants were not liable to the plaintiff, in this action, for any of the knobs, except such as the jury should find the defendants had accepted.

The jury returned a verdict for the defendants ; and the plaintiff moved for a new trial, for a mis-direction.

*Toucey,* in support of the motion, remarked, that it being admitted, that the 751 dozen of knobs were delivered, by the plaintiff, in two boxes, at his manufactory, on the 12th of *April,* 1837, and were then taken and removed, by the defendants, to their own premises, where the defendants, in the absence of the plaintiff, and without his consent, or any new agreement, selected 415 dozen from both boxes, and disposed of them to their own use, the only question was, whether the defendants were bound to accept the remaining 336 dozen, or had a right to return or reject them, and if any, what part of them. He then contended,

*Hartford,*
June, 1842.

Wright
*v.*
Barnes.

*Hartford,*
*June, 1842.*

Wright
*v.*
Barnes.

1. That the defendants were bound to accept the whole 336 dozen, and had no right to return or reject any of them ; and that the charge that they were not bound to accept them, or any of them, but were at liberty, if they chose, to accept of them, or any of them, and were liable to pay for those only which they accepted, was erroneous.   In the first place, this was an absolute sale, without a warranty.   *Street* v. *Blay,* 2 *B. & Ald.* 456.   *Thornton* v. *Wynn,* 12 *Wheat.* 183. Secondly, this was a sale executed, at least in part, on both sides, and could not be rescinded.   Thirdly, as this was an express written contract, no condition of trial or return could be implied.   Fourthly, by the true construction of the contract, the defendants were bound to examine, if at all, before they took the property away.   Fifthly, the selection and appropriation of the greater part debarred the defendants of any right to dis-affirm the contract, or return the articles.

2. That the charge was erroneous in asserting the right of the defendants to accept 415 dozen of knobs delivered on the 12th of *April,* and to reject 336 dozen of the same delivery, if a single one of the latter was not equal in size and finish to the warranty.   2 *Stark. Ev.* 647.   *Champion* v. *Short,* 1 *Campb.* 53.   *Bruce &* al. v. *Pearson,* 3 *Johns. Rep.* 534.

3. That the charge was erroneous in asserting the right of the defendants to repudiate the 336 dozen, without a return, or offer to return, or any notice of non-acceptance, in a reasonable time.   *Hopkins* v. *Appleby,* 1 *Stark. Ca.* 477.   *Percival* v. *Blake,* 2 *Car. & Payne,* 514.   *Milner* v. *Tucker,* 1 *Car. & Payne* 15.   *Cash* v. *Giles,* 3 *Car. & Payne* 408.

*Parsons,* contra, after remarking, that no point of warranty, notice of defects or return of the articles sold, appeared on the motion, contended,

1. That the jury had found for the defendants the only matters of fact in controversy, *viz.* that the 336 dozen knobs, when delivered, were not all conformable to the contract ; and that the defendants had not accepted them.

2. That this being an entire executory contract for the sale and delivery of a certain quantity of goods of a certain description, the plaintiff was not entitled to a recovery, if part of them were neither conformable to the contract, nor accepted by the defendants : a part delivery and acceptance

will not support the action; and a delivery of articles not conformable to the contract, is as unavailing as an entire non-delivery of the stipulated articles. *Davenport* & al. v. *Wheeler* & al. 7 *Cowen* 231. *Russell* v. *Nicoll,* 3 *Wend.* 112. 120.

*Hartford,*
*June,* 1842.

Wright
*v.*
Barnes.

CHURCH, J. Questions have been discussed, upon this hearing, which do not arise from the facts stated in the motion, and we have been called upon here, as we believe, to decide a case, a small part of which only, was tried in the court below.

A tender was made by the defendants, and accepted by the plaintiff, of a sum of money to settle all disputes, growing out of the contract in question, except as to 336 dozen knobs. These, the defendants claimed, they had not accepted, and had refused to accept, because they were not finished in conformity with the requirements of the contract. The case, then, as tried in the superior court, was, as if the plaintiff had delivered a parcel of 336 dozen knobs only, to the defendants, which they had refused to accept and pay for;— and the only question of fact was, whether they were such as the contract required?

The plaintiff claimed, that the whole conformed to contract stipulations; but if only a part so conformed, still the defendants were bound to accept and pay for as many as were finished according to the agreement. The defendants admitted their liability to accept and pay for the whole parcel, if it conformed to the contract: but denied that they were bound to receive a part, unless the whole answered the requirements of the contract.

Upon these adverse claims, the court charged the jury, that if all the knobs in question were conformable to the contract, the plaintiff was entitled to recover for them at the contract price; but if they were *not all of them* thus conformable, the defendants were not bound to accept any of them.

This charge is objected to, as we understand, on the ground, that it recognized a right in the defendants to repudiate the contract, although it might have been essentially fulfilled— that is, as the plaintiff claims, the charge sustains the doctrine, that although, as a whole, the knobs were finished equal to the contract standard, yet if a few of them were found defi-

*Hartford,*
*June, 1842.*

Wright
*v.*
Barnes.

cient, though not essentially diminishing the value of the parcel, the defendants might lawfully reject the whole. We do not so understand the charge of the judge ; and we think the jury could not so have understood it. On the contrary, the principle of the charge is, that if there was an essential deficiency in the parcel of 336 dozen knobs, and such as would and ought to be regarded as material to the whole, in such case, the defendants were not bound to accept and pay for either the whole or a part. We discover no objection to this, as a legal doctrine ; and therefore, do not advise a new trial.

In this opinion the other Judges concurred.

New trial not to be granted.