## ·JOSIAH H. MERRIMAN *vs.* GEORGE A. CHAPMAN.

Where goods are sold by sample for a price agreed, and are delivered by the vendor, but the vendee on examination within a reasonable time refuses to accept them on the ground that they do not correspond with the sample, the burden of proof as to whether they correspond with the sample or not, in a suit brought by the vendor for the price, is on the vendor and not on the vendee.

INDEBITATUS ASSUMPSIT for goods sold; tried in the superior court, on the general issue, with notice, closed to the court, before *Carpenter, J.* The notice alleged that the goods delivered were not of the quality agreed and had never been accepted by the defendant.

Upon the trial the plaintiff claimed that sundry barrels of apples named in his bill of particulars, were sold to the defendant by sample, and that they were to be delivered at the Southington depot, the freight paid to New Haven, and directed to the defendant at New Haven, at an agreed price of· $1.75 per barrel. The defendant admitted that the apples were in fact delivered to him, and taken into his possession, but claimed that he had not accepted them, but had on examination found that they did not correspond with the samples, and had refused to accept them on that ground, and had in due season tendered them back to the plaintiff.

The plaintiff offered evidence to prove, and claimed that he

had proved, that the apples corresponded substantially with the samples. The defendant offered evidence to prove, and claimed that he had proved, that they did not correspond with the samples, but were inferior in quality, size and fairness. The plaintiff thereupon claimed that the burden of proof upon this part of the case was upon the defendant, and prayed the court so to decide. The court ruled that the burden of proof was upon the plaintiff, and that to entitle him to recover for the apples it was incumbent on him to prove that they corresponded substantially with the samples ; and being of opinion that he had failed to prove by a preponderance of testimony that they corresponded with the samples, rendered judgment for him to recover only for the empty barrels charged in his bill of particulars. The plaintiff moved for a new trial.

*McFarland*, in support of the motion, cited 2 Stark. Ev., 1201 : 3 id., 1209 ; Roscoe N. P., 367, 374 ; *Dorr* v. *Fisher*, 1 Cush., 271 ; *Alexander* v. *Gardner*, 1 Bing. N. C., 671 ; 2 Saund. Pl. & Ev., 117 ; 3 Phillipps' Ev., 395 ; Arch. N. P., 234 ; Smith's Mer. Law, 608.

*C. R. Ingersoll*, contra, cited Story on Sales, §§ 415, 418, 426 ; 3 Stark. Ev., 1621 ; *Street* v. *Blay*, 2 Barn. & Adol., 456 ; *Hayden* v. *Hayward*, 1 Camp., 180 ; *Poulton* v. *Lattimore*, 9 Barn. & Cress., 259 ; *Dorr* v. *Fisher*, 1 Cush., 271.

HINMAN, C. J. This suit was for the price of some barrels of apples claimed to have been sold and delivered. The sale was by sample, and the defendant, on their being delivered to him, objected to receiving them on the ground that they did not correspond with the sample, and tendered them back to the plaintiff, and the question before the court was whether they did in fact correspond with the sample. The plaintiff claimed that in consequence of the delivery, so that the apples came into the defendant's possession, the burden of proof was upon the latter to show that they did not correspond with the sample ; but the court decided that, as they were not accepted, and were tendered back to the plaintiff in due season on dis-

covering their inferior quality, it was for the plaintiff to prove that the quality was not inferior in order to enable him to recover. We have no doubt of the correctness of this decision. Where there is an executory contract for the sale of goods warranted to be of a particular quality or description, they must conform to the warranty or the vendee is not bound to receive or accept them. *Wright* v. *Barnes*, 14 Conn., 518. And a sale by sample is held to imply a warranty that the bulk of the article corresponds in quality with the article exhibited. *Bradford* v. *Manly*, 13 Mass., 139; *Waring* v. *Mason,* 18 Wend., 425. If it does not correspond with the warranty when delivered the vendee is not merely justified in not receiving it, but he may receive it for the purpose of examination, and if found not to be of the quality or description warranted, or, what is the same thing, not to correspond with the sample, he may return it to the vendor, the examination and return being within a reasonable time. Lord Tenterden, C. J., in *Street* v. *Blay*, 2 Barn. & Adol., 456.

The executory contract for the sale and delivery of the goods does not become executed, so as to lay the foundation for an indebitatus assumpsit, until goods answering the description of the contract, that is, in this case corresponding substantially with the sample, have been delivered, or there has been a complete acceptance of them by the vendee. The error of the plaintiff's counsel in this case consists in treating the delivery of the goods at the defendant's place of business as a complete delivery, and tantamount to an acceptance of them by the defendant. If the defendant had received them as in execution of the contract, or had kept them for an unreasonable time before returning or tendering them back, the plaintiff's claim would be correct. But while the contract remained executory it would be a strange perversion of justice to bind him to accept and pay for that which he had never purchased, and he clearly did not purchase that which did not answer in quality to the description of his contract.

The condition that the property may be returned, if it does not answer the description contemplated and agreed upon, is always implied, if there has been no acceptance of it by the

vendee. If the action had been brought upon the executory contract for not accepting and paying for the goods, it is apparent that in order to prove his whole case the plaintiff must have shown that the goods corresponded with the sample, since otherwise it would not appear that his part of the contract had been performed, while on an executed contract it is only necessary for the plaintiff to prove its execution, and it is then for the defendant to show that the goods were inferior to the quality stipulated for, in order to reduce the price to be paid for them. Here the plaintiff sues as upon an executed contract. He may do this if he can show that in point of fact it has been so far executed as to create a debt against the defendant for which indebitatus assumpsit will lie, and he can do this in one of two ways; he may show a delivery of the goods and an acceptance of them by the defendant, either expressly, or by retaining them for an unreasonable time or an appropriation of them to his own use, or he may show an execution of the contract on his part by the delivery of goods corresponding in quality with the stipulations of the contract. This, of course, in a case like the one under consideration, throws the burden of proving the quality upon the plaintiff. There is nothing in the case of *Dorr* v. *Fisher*, 1 Cush., 171, in conflict with the views here expressed, but on the contrary we are sustained by that decision. In that case the goods had been accepted in fact and appropriated to the defendant's use, and the breach of warranty was only set up for the purpose of reducing the damages, and in such a case there is no doubt that the burden of proof is upon the party who sets up the breach of warranty.

For these reasons we are of opinion that there is no error in the judgment complained of, and a new trial is not advised.

In this opinion the other judges concurred.