Scranton *v*. Mechanics' Trading Co.

————◇◆◇————

ICHABOD L. SCRANTON *vs.* THE MECHANICS' TRADING COM-
PANY.

Where on a sale of goods with warranty the vendee had accepted the goods after examination, there being no fraud on the part of the vendor, it was held that he could not afterwards, on account of a breach of the warranty, rescind the contract and return the goods, in the absence of any agreement to that effect.

The rule of damages in cases of warranty broken, is the difference in value between the goods as warranted and the goods as they proved to be.

Scranton *v.* Mechanics' Trading Co.

ASSUMPSIT, on a bank check given to the plaintiff by the defendants, brought originally before a justice of the peace, and appealed to the Court of Common Pleas of New Haven county, and tried on the general issue with notice, closed to the court, before *Bronson, J.* The court found the following facts.

The check was given by the defendants to the plaintiff for forty-seven barrels of potatoes and four barrels of onions, sold by the plaintiff to the defendants, and bought and received by them after an examination and inspection of them to their satisfaction. The potatoes were sold on a warranty of their soundness and quality by the plaintiff, which warranty was broken ; but there was no fraud on the part of the plaintiff, and no agreement that the goods might be returned in case the warranty proved untrue.

The plaintiff used the check in his business, but when it came to the bank the defendants stopped the payment of it.

The potatoes were delivered in warm weather, and on the day after the purchase were found to be inferior in quality and decaying ; and the defendants thereupon notified the plaintiff of their condition, and that they should not receive them, and offered to return them, which offer he declined. The potatoes continued to decay rapidly down to the time when they were disposed of by the defendants, the whole amount realized by them from the sale of the potatoes and the onions being $36.

The plaintiff claimed that the defendants, having bought and received the goods on a warranty, had no right to tender them back, and could rely upon the warranty only for the deficiency in the value of the same at the time of the purchase. The defendants claimed that if the potatoes did not answer the warranty they were not bound to keep or pay for any of them, but might tender them back to the plaintiff, and that after notice of such refusal to keep them they were at the risk of the vendor. The court ruled that the defendants had no right to return the potatoes, and that during the time they were kept by them they were at their risk, and gave judgment for the plaintiff.

The defendants brought the record before this court by a motion in error.

*Lounsbury*, for the plaintiffs in error.

The defendants had a right to rescind the contract and return the property. 1 Parsons on Contracts, 473 ; Long on Sales, 125 ; *Dorr* v. *Fisher*, 1 Cush., 271, 274 ; *Wright* v. *Barnes*, 14 Conn., 518 ; *Merriman* v. *Chapman*, 32 id., 146 ; *Hyatt* v. *Boyle*, 5 Gill & Johns., 121 ; *Taymore* v. *Mitchell*, 1 Maryl. Ch. Dec., 496 ; *Marston* v. *Knight*, 29 Maine, 341. The contract is not executed. The title to the property did not pass on the delivery of articles to the vendee which did not answer the contract. *Merriman* v. *Chapman*, 32 Conn., 146 ; Story on Sales, § 421 ; *Reed* v. *Randall*, 29 N. York, 358 ; *Husted* v. *Craig*, 36 id., 221. Examination and approval of some of the articles at delivery does not amount to a waiver of the warranty. *Willings* v. *Consequa*, Peters C. C., 301.

*R. D. Smith*, for the defendant in error.

PARK, J. The question in this case is, does the mere breach of warranty of personal property in an executed contract of sale, give the vendee the right to rescind the contract and return the property, or tender its return, when no agreement to that effect was made in the contract of sale ?

The case finds that the defendants accepted and took possession of the property under the contract, and gave their check to the plaintiff for the contract price of the articles after they had been examined to their full satisfaction. It is difficult to conceive how the contract of sale could have been more thoroughly executed, or the acceptance of the goods more complete than appears in the case. The title to the property therefore passed to the defendants, and the question is, had they the right to avoid the contract solely on the ground that the warranty was broken.

The authorities upon this subject are not uniform, but we think the weight of the modern decisions, as well as the

Scranton *v.* Mechanics' Trading Co.

analogies of the law, are decidedly against such a right. Such is the settled doctrine of the state of New York, as appears by the cases of *Voorhees* v. *East*, 2 Hill, 288, and *Cary* v. *Gruman*, 4 Hill, 626. So also it has been decided in Pennsylvania in the case of *Kase* v. *John*, 10 Watts, 107 ; in Kentucky, in the case of *Lightburn* v. *Cooper*, 1 Dana, 273 ; and in the Supreme Court of the United States, in the case of *Thornton* v. *Wynn*, 12 Wheat., 193. Such also is the modern English rule on the subject, as appears by the cases of *Street* v. *Blay*, 2 Barn. & Adol., 456, *Dawson* v. *Colles*, 10 Com. Bench, 288, *Gompertz* v. *Denton*, 1 Cromp. & Mees., 209, *Parsons* v. *Sexton*, 4 Com. Bench, 899, and *Ollivant* v. *Bayley*, 5 Q. Bench, 288. See also Chitty on Contracts, 400, and Benjamin on Sales, 673 and 680.

And such also we understand to be the law of this state, although the question has not been directly decided by this court. Judge Swift, in the first volume of his Digest on the 383d page, in speaking of the warranty of a horse, says :— " Where there is no agreement to return the horse if he proves unsound, yet the buyer may return him if he pleases, and it is optional with the vendor to accept him or not. If he accepts him he will be liable to refund the price of the horse. It is true an opinion has been intimated that in such case the buyer may return the horse and bring an action for the money ; but this must be understood when the vendor consents to take him back ; and no case has gone so far as to hold that the purchaser may tender the horse, and if refused bring an action for the money paid for him. In such case the action must be brought on the warranty." If the vendee has the right to rescind the contract under such circumstances, he could recover back the sum paid for the articles warranted, as well as successfully defend himself in an action brought to recover the price. In the case of *Kellogg* v. *Denslow*, 14 Conn., 411, Judge Sherman says : " There are three conditions in which the purchaser of a personal chattel may have remedy against the seller. 1. Where there is a warranty. 2. Where there is fraud on the part of the seller. 3. Where the sale is on condition, express or implied, that the purchaser in a

certain event may disaffirm the sale and return the article. * * The condition that the vendee may return the property in a certain event is implied in the case of executory contracts; as where an article is ordered from a manufacturer who contracts that it shall be fit for a certain purpose, and the article sent as such is never completely accepted by the party ordering it." The judge seems to make a distinction between executory and executed contracts in this regard. But the defendants contend that the implication that the property may be returned exists in all cases of warranty,— in those where the contract of sale is executed, so that the title to the property passes in the first instance to the vendee, as well as in those that are executory. Again the judge says:—"There has been some diversity of opinion among eminent jurists whether a vendee, to whom an absolute sale has been made with warranty, upon discovering defects in the property could return it to the vendor and rescind the contract, when there was no fraud in the transaction." And after citing some English cases that support the affirmative of the proposition, he continues as follows: "But in 1831 these opinions were considered by the court of King's Bench and expressly disapproved. *Street* v. *Blay*, 2 Barn. & Adol., 456. They unanimously held that if the sale was unconditional and without fraud the vendee could not rescind the contract and return the property without the concurring assent of the vendor. Thus the law is settled upon this point in that country."

It is manifest from this language that the opinion of the judge is in harmony with the cases of *Street* v. *Blay* and *Thornton* v. *Wynn*, which latter case he also cites with approbation.

Chief Justice Hinman, in the case of *Merriman* v. *Chapman*, 32 Conn., 146, says: "Where there is an executory contract for the sale of goods warranted to be of a particular quality or description, they must conform to the warranty or the vendee is not bound to receive or accept them." Here again the same distinction seems to be made which is expressly made in the cases cited from the modern English law, and the decisions of our sister states, that if the contract of

sale is executory there is an implied agreement that the property may be returned if it does not conform to the sample which is the basis of the contract, or the order made upon the manufacturer or seller of the goods. But if the sale is executed, and free from fraud,—if the property is accepted under the contract, which was made in good faith, no such implication exists, and the vendee cannot rescind the contract without an express agreement to that effect in the contract of sale. There must be an agreement express or implied, in such cases, that the property may be returned if the goods do not conform to the warranty, in order to confer upon the vendee the right to return them. The distinction between an executory and executed contract of sale in this respect is manifest. In the one case the property is accepted under the contract, and in the other it is not.

In the case under consideration the defendants had an ample opportunity to inspect the goods and satisfy themselves whether they conformed to the warranty. They became satisfied on the subject after examining them to their full satisfaction, and they accepted and received them under the contract.

Where goods are bought by sample or ordered from a manufacturer, no such opportunity for inspection exists before the property is received, and when received the vendee should have a reasonable opportunity for inspection and examination of it, before he should be required to accept it under the contract.

The rule we have adopted is far more consonant to reason and justice than that claimed by the defendants. The rule of damages in cases merely of warranty broken is the difference in value between the goods as warranted and the goods in their actual condition. If the vendee has bought the property at less than its value, if equal to the warranty, he is entitled to the benefit of his contract, and the damages give him the benefit. If he has paid more than the warranted property would be worth, the vendor is equally entitled to the benefit of his contract, if made in good faith. But the claim of the defendants would give the vendee the benefit of a con-

tract when favorable to himself, and relieve him from its hardship when beneficial to the vendor.   The seller of property is guilty of no wrong in warranting goods that he has reason to believe, and does believe, are equal to the warranty. The buyer knows that the seller may be honestly mistaken as to the quality or condition of the property, and he obtains the warranty as security against loss in these respects.   All that he can require of the seller is good faith in the transaction, and if he desires the privilege of returning the property in case the warranty should be found broken, it is an easy matter for him to make provision to that effect in the contract of sale.

A new trial is not advised.

In this opinion the other judges concurred.