## THE WORCESTER MANUFACTURING COMPANY *vs.* THE WATERBURY BRASS COMPANY.

Third Judicial District, New Haven, January Term, 1901.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

In the absence of fraud and of a warranty, the purchaser of a known, existing machine, bought under the name by which it was manufactured, advertised and sold by the vendor, has no remedy against the latter, although the machine fails to answer the purpose for which it was purchased.

The rule is well settled in this State that in the absence of a special agreement to that effect, an executed contract of sale cannot be rescinded and the property returned by the vendee, upon the ground of a mere breach of warranty.

Argued January 15th—decided March 6th, 1901.

ACTION to recover the purchase price of a rotary polishing machine, brought to the District Court of Waterbury and tried to the court, *Cowell, J.;* facts found and judgment rendered for the plaintiff for $350, and appeal by the defendant for alleged errors in the rulings of the court. *No error.*

The complaint alleged that the plaintiff sold and delivered to the defendant one Automatic Rotary Polishing Machine, at the agreed price of $350, to be paid in brass tubing at a specified price, said tubing to be delivered from time to time as ordered by plaintiff; and that the defendant had refused to deliver said tubing or pay said price.

The first defense denied these allegations, excepting the allegation that it had in no manner paid for the machine, which was admitted. A second defense alleged that it was a part of the agreement that the machine therein described was suitable and designed for the purpose of automatically polishing tubing; that upon repeated trials by the defendant it failed utterly to polish tubing automatically; that as soon as it was clearly demonstrated that the plaintiff could not adjust or alter the machine so that it would accomplish its purpose, it was returned to the plaintiff. The plaintiff replied that if the machine failed to polish tubing automatically it

was due to the fault and unskillfulness of the defendant in handling and operating the machine.

It appeared in the finding that the plaintiff was the successor in business of the Drapery Fixture Company of Worcester, Mass., which manufactured and advertised for sale Automatic Rotary Polishing Machines. The defendant manufactured brass and brass tubing, a fact which was known to the plaintiff at the time of the sale. The Automatic Rotary Polishing Machine was manufactured, advertised and sold as a machine adapted for the purpose of polishing tubing. On November 12th, 1897, the defendant wrote as follows: "What is the lowest price you can give on one Automatic Rotary Polishing Machine, delivered F. O. B., Waterbury, Conn.?" To this letter the plaintiff replied on November 18th: "We will deliver F. O. B., Waterbury, one Automatic Rotary Polisher for $350." After some further correspondence relative to tubing and the taking of brass goods in exchange for one of the said machines, the plaintiff sold and delivered to the defendant an Automatic Rotary Polishing Machine at an agreed price of $350, the same to be paid for by a delivery of brass tubing by the defendant to the plaintiff. The defendant set up the machine, but found upon trial that it would not work satisfactorily; that it would run but a short time before becoming so heated that the entire operation would stop. The machine had been set up in the shop of the plaintiff at Worcester and tested just prior to its shipment to the defendant. When so tested and operated under the direction of the inventor it seemed to work successfully. Notwithstanding repeated efforts upon the part of the defendant and several changes which were made in the machine calculated to lessen the friction and increase its efficiency, it still failed to work successfully; and the defendant, claiming that it had used all reasonable diligence to satisfactorily operate the machine, notified the plaintiff that the machine would be returned, and thereupon shipped it back to the plaintiff, who refused to receive it. The plaintiff demanded brass tubing in payment for the machine, as agreed, but the defendant refused to make such

payment because the machine was not satisfactory. There was no express warranty of the machine on the part of the plaintiff.

The reasons of appeal are, in substance, that the court erred in not holding upon the facts found that there was an implied warranty that the said machine would successfully operate as an automatic polisher; and in rendering judgment for the plaintiff upon the facts found, because they disclosed that the said machine utterly failed to successfully operate as an automatic polisher, and that therefore the defendant was not obliged to accept or pay for it.

*John P. Kellogg*, for the appellant (defendant).

*Charles E. Searls*, for the appellee (plaintiff).

HALL, J. The defendant contends that upon the facts found it might lawfully return the machine in question to the plaintiff, and avoid liability for any part of the purchase price.

This claim seems to be based upon two grounds: first, that the contract of sale was executory, and that the plaintiff failed to deliver goods answering the description of that contract; and second, that there was a breach of a contract of warranty.

When a contract of sale is not of a specific article, but is an executory agreement of sale calling for the delivery to the vendee of goods like a certain sample, or of a particular kind or description, or for the manufacture of an article in a certain manner or for a specified purpose, the vendee within a reasonable time after receiving them and before accepting them, may return them to the vendor if they do not " conform to the sample which is the basis of the contract, or the order made upon the manufacturer or seller of the goods." The reason of the rule is that the vendor having failed to fulfil his contract to deliver that which was ordered, the vendee cannot justly be required to accept and pay for goods which differ in kind or quality from those which he bargained for.

*Kellogg* v. *Denslow*, 14 Conn. 411, 421; *Merriman* v. *Chapman*, 32 id. 146; *Scranton* v. *Mechanics' Trading Co.*, 37 id. 130.

This right of the vendee, under an executory agreement of sale, to return goods which do not conform to the description in the contract, when there is no agreement for such return and no fraud upon the part of the vendor, arises, not from the existence of a warranty, or a breach thereof, nor from any express or implied power of rescission, but from the right of the vendee to reject and return goods he never agreed to buy, and the title to which has not passed to him. Benj. on Sales (2d Amer. Ed.), §§ 600, 887, 888, 895; *Mansfield* v. *Trigg*, 113 Mass. 350, 354; *Osborn* v. *Gantz*, 60 N. Y. 540.

But in the absence of fraud and of any special agreement, such right of return in this case did not exist after delivery of the goods agreed upon and their acceptance by the vendee. In this case the vendee became the owner of the precise article which he contracted for, and though it failed to answer the purpose for which it was purchased, he is without remedy unless there is a warranty. *Merriman* v. *Chapman*, 32 Conn. 146; *Scranton* v. *Mechanics' Trading Co.*, 37 id. 130, 135; Benj. on Sales (2d Amer. Ed.), §§ 647, 657. The contract of sale in the present case was so executed by the plaintiff that the title passed upon the delivery of the machine to the defendant in accordance with the terms of the agreement. The Automatic Rotary Polishing Machine was an existing, known machine, manufactured by the plaintiff and advertised and sold by them by that name. What knowledge the defendant had obtained of it, or whether the defendant had examined it before the purchase, does not appear. The defendant asked the plaintiff at what price it would deliver at Waterbury one of this particular kind of machines, naming it, and the plaintiff in reply stated at what price it would so deliver such named machine. The finding states that after further correspondence " the plaintiff sold and delivered to the defendant an Automatic Rotary Polishing Machine at an agreed price." These facts show that the defendant received the article which it contracted for, and that the contract of sale was consummated so that the title vested

in the defendant. Upon these facts, not only could the defendant not return the machine as not complying with the terms of the contract, but it could not rescind the sale upon the ground of a breach of the contract of warranty.

It is unnecessary to decide whether or not the facts show a breach of warranty. It appears that the machine delivered failed to polish brass tubing successfully; but whether this was due to some defect in or injury to this particular machine, or to the fact that this kind of a machine was not adapted to the purpose of polishing brass tubing, is not found. The claim of the defendant is, not that it was not permitted to show that the machine was worth less than the purchase price because of a defect which had been warranted against, but that upon the facts proved the plaintiff had no right of action, because the defendant was entitled to return the machine to the plaintiff, either upon the ground that it did not answer the description of a contract which was executory, or because of a right in the defendant to rescind an executed contract on account of a breach of warranty.

This claim cannot be sustained upon the latter ground. Although in some States a different rule obtains (see Benj. on Sales (2d Amer. Ed.), § 888, note *a*), it is well-settled in this State that, in the absence of any special agreement, the vendee has not the right to rescind an executed contract of sale and return the property upon a mere breach of warranty. *Kellogg* v. *Denslow*, 14 Conn. 411; *Scranton* v. *Mechanics' Trading Co.*, 37 id. 130; *Trumbull* v. *O'Hara*, 71 id. 172, 180.

Upon the facts found the court properly rendered judgment for the plaintiff for the full amount of the purchase price.

There is no error.

In this opinion the other judges concurred.