ALFRED FREE AND OTHERS *vs.* ANDREW JAMES.

A tract of land, owned by S, had been distributed on his death to his three children,—one T, who was then a county surveyor, being one of the distributors. A map of this tract found among the papers of T after his death, drawn and signed by him, bearing a memorandum in his hand-writing that it was the land of S deceased, and on which were laid down the shares of the three children in accordance with the distribution,—but which was dated a year before the distribution was returned to the probate court, and as to which there was no evidence that it was made from an actual survey, or at whose request it was made or kept by T,—was held inadmissible against parties holding under one of the distributees, for the purpose of showing the line between the tract so distributed and the adjoining land.

TRESPASS qu. cl. fr. The defendant pleaded the general issue with notice of a claim of title.

The plaintiff claimed title to the land in question by descent from their grandfather Stephen Hoyt, through his son and their father, Henry Hoyt, deceased. The question pertained wholly to the location of the dividing line between the land of the plaintiffs and that of the defendant. The plaintiffs offered in evidence the distribution of the estate of the said Stephen Hoyt, made in the year 1828, by Seth Taylor and Erastus Sturges, distributors appointed by the court of probate of the district of Norwalk, within which the said Seth Hoyt had resided and said land was situated. By the distribution, 3 acres 2 roods and 20 rods of a lot of wood land at Whortleberry Hill, being the east part of the lot, was set to Thaddeus Hoyt, a son of said Stephen,—3 acres 2 roods and 20 rods of the same, being the west part of the lot, to the said Henry Hoyt,—and 2 acres 2 roods of the same, being the middle part, to Betsey Hoyt, a daughter of the said Stephen,—the whole tract being described as bounded Northerly on Jemmy James, Easterly on highway, Southerly on Moses Gregory and Joseph Platt, and westerly on the Lockwood farm.

For the purpose of showing the location of the land so distributed to the said Henry Hoyt, and to show the location of the boundary line between that land and the Jemmy James lot, now the land of the defendant, the plaintiff offered

in evidence a survey of the lot distributed as above stated, which was found among the papers of Stephen Taylor, one of the distributors, and who had since deceased, and who in his life time had been a county surveyor, which had been made by the said Taylor, and contained a memorandum in his hand-writing as follows :

"Stephen Hoyt dec'd, land, per S. Taylor, county surveyor, June, 1827. Scale 1 chain to $\frac{1}{2}$ inch." The boundaries of the land were given as in the distribution, with the names of the three distributees upon the sections set to them severally, with the quantity of the share of each, and the following memorandum appeared within the plot.

"Contents 9 acres, 1 rod, 30 roods.

| Wants | 2 | 10 |
|---|---|---|
| 10 | 0 | 00." |

All the memoranda on the survey were in the hand-writing of the said Stephen Taylor. It was shown that several other maps of the real estate of Stephen Hoyt were found among his papers after his death.

To the admission of this map in evidence the plaintiffs objected, because it did not appear from the evidence offered in connection with it that it was made from an actual survey of the land described ; or that it was procured to be made by any person interested in the land ; or that it was ever in the possession of, or recognized as a correct map by any such person ; and because the map and the distribution differed materially in the quantity of land described as contained in the tract. The court sustained the objection and rejected the map.

The jury returned a verdict for the plaintiffs, and the defendant moved for a new trial.

*Ferry* and *Woodward,* in support of the motion, cited *Heffington* v. *White,* 1 Bibb, 115 ; *Suavely* v. *McPherson,* 5 Har. & Johns., 150 ; *Nichols* v. *Turney,* 15 Conn., 101 ; *Lee* v. *Tapscott,* 2 Wash. C. C., 276 ; *Brown* v. *Long,* 1 Yeates, 162 ; *Welsh* v. *Barrett,* 15 Mass., 380 ; and *Sproul* v. *Plumsted,* 4 Binn., 189.

*Carter*, contra, cited *Wooster* v. *Butler*, 13 Conn., 315; *Nichols* v. *Turney*, 15 id., 101; *Noyes* v. *Ward*, 19 id., 250, 269; and 1 Greenl. Ev., § 139.

HINMAN, J.   The sketch or map, offered in evidence by the defendant, was properly rejected by the court.   It is true that it appears to have been made by a competent surveyor, judging from the fact that it was signed by him; but for what purpose, and on what occasion, does not appear; and whether it was made from any actual survey of the land, or the facts contained in it were collected from the contents of deeds and other documents, cannot be known.   It could not have been made as a part of the acts of the distributors, in the progress of the distribution of Stephen Hoyt's estate, because it was made, as appears by its date, nearly a year before that distribution was made.   It cannot be said, therefore, that it was prepared in order to illustrate that distribution.   Nor did it appear that it was made at the request of any person interested in that estate, or at the instance of any person who had any interest in the land of which it purported to be a description.   It clearly could not be received as in the nature of an admission by any former proprietor of the land, because it was not shown that any such proprietor ever had any knowledge of its existence; and being found in the custody of a stranger, there could be no presumption that any former proprietor ever saw it, much less, that it was ever recognized as a correct map of the property.   It was made by Mr. Taylor, and retained by him till his death, and is found in the custody of his administrator.   This is all there is to make it evidence.   It might have been a mere private sketch, made only for the convenience of Mr. Taylor himself; but it is enough to say that it was in no way authenticated as a correct map of the land; and it would be going further than we have any authority for doing to receive it as evidence in the case.

We do not therefore advise a new trial.

In this opinion the other judges concurred.

New trial not advised.