DAVID D. SHUPE AND OTHERS *vs.* WILLIAM V. COLLENDER.

Fairfield County, March T., 1888. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

Where an article is sold with a warranty as to its quality and a condition that the purchaser may return it if it does not correspond with the warranty, the purchaser, in case of a breach of the warranty, is not limited to his right to return the article, but may retain it and sue on the warranty.

And where the seller sues for the price he may recoup damages for the breach of the warranty.

In a suit to recover the price of a machine warranted, the defendant in his answer averred that the plaintiffs warranted it to be in good working order, and that if it proved to be in good working order and suitable for the defendant's use in his factory he was to pay the plaintiffs $250 for it, but that it proved to be wholly useless for the purpose for which it was purchased. Held that it might reasonably be construed to mean that the machine was warranted to be in good order for the defendant's work, and that it proved to be wholly useless for that purpose, and that it was a sufficient averment to sustain a recoupment of the defendant's damage from the breach of the warranty.

[Argued May 8th—decided June 20th, 1888.]

ACTION to recover for machinery and other articles sold; brought to the Court of Common Pleas in Fairfield County and tried to the court before *Hall, J.* The court found the facts and rendered judgment for the plaintiffs, allowing the defendant $250 by way of recoupment of damages for a breach of warranty of one of the machines sold. The plaintiffs appealed. The case is sufficiently stated in the opinion.

*G. P. Carroll,* for the appellants.

*S. Fessenden* and *G. A. Carter, Jr.,* for the appellee.

PARK, C. J. This is a suit for the recovery of the price of various items of machinery sold by the plaintiffs to the defendant, but the only controversy between the parties is as to a planer, which is charged in the bill of particulars at $250.

The court finds that at the time of the sale the plaintiffs expressly warranted the planer to be " suitable to do the defendant's work and in good order "; but that it was in fact " wholly unsuitable to do the work of the defendant, and out of order, and worthless except for old iron." And the court finds that the damage to the defendant from the plaintiffs' breach of their contract was $250; which sum the court deducted from the amount of the plaintiffs' bill of particu-

lars, the right of recovery as to the other items being conceded. This was, in effect, allowing the defendant to recoup his damages resulting from the plaintiffs' breach of their contract.

The case has all the elements of one of recoupment and we see no error in the application of that principle by the court.

But the plaintiffs insist that the case presented by the defendant's answer is not one of warranty and of a breach of the warranty, but of a conditional sale of the planer, with the right to return it if it was not suitable for his work. The following is the defendant's answer so far as it relates to the planer.

" The planer mentioned in the plaintiffs' bill of particulars was received by the defendant under an agreement by which the plaintiffs warranted the same to be in good working order, and the delivery thereof was made upon the express condition that if said planer was found defective or for any reason unsuitable to do the work required of it, and for which the same was procured by the defendant, the plaintiffs would remove the same from the factory of the defendant, and pay freight and cartage, upon receiving notice from the defendant that it was not suitable to accomplish said work; but if the same proved to be in good working order and suitable for the defendant's use in his factory, so that he was satisfied with it, the defendant was to pay to the plaintiffs within a reasonable time thereafter the sum of $250. Said planer proved to be wholly useless for the purpose for which it was purchased, of which the defendant gave the plaintiffs due notice."

It is true that the defendant here sets up an agreement of the plaintiffs that he might rescind the contract of purchase on giving notice to them, if the planer did not correspond with the warranty, in which case they were to remove it. But this agreement did not deprive the defendant of all other remedy. It remained optional with him whether to avail himself of this special remedy, or to resort to his remedy at law. The contract was clearly a sale of the

planer with a warranty, to which was superadded an agreement that the plaintiffs would take it away if it proved unsatisfactory, on receiving notice to that effect. This superadded provision did not impair at all the warranty or the defendant's right of action upon its breach.

The plaintiffs rely upon the latter part of the answer, which states that if the planer was suitable and in good order "the defendant was to pay the plaintiffs, within a reasonable time thereafter, the sum of $250." But this is to be taken with what goes before, that is, with the allegation of an express warranty, which is both alleged in the answer and found by the court. The right to rescind a contract of sale never operates to annul a warranty of the thing sold, unless there is a provision that the rescission is the only remedy for the purchaser. The right to rescind a contract of sale in case of fraud always exists, and yet there may have been a warranty of the thing sold. The two remedies can co-exist and the purchaser has his option between them.

The defendant therefore in this case had the right to retain the planer and recoup his damages for its failure to comply with the warranty, in a suit brought by the plaintiffs for the price of it.

The objection which the plaintiffs make comes from them with an ill grace, in view of the fact alleged in the answer and found by the court; that the defendant "notified the plaintiffs of the worthless character of the machine and requested them to remove it, which they have never done."

But the plaintiffs claim that if the case be one for recoupment of damages for a breach of the warranty, yet there has been no sufficient allegation of a breach of the warranty in the answer. The warranty alleged, it is said, is only that the machine "was in good working order," while the only allegation that can be regarded as one of its breach is, that it was "wholly useless for the purpose for which it was purchased." It is true that the breach is alleged inartificially and awkwardly, but we think the allegations taken together may fairly be construed as meaning that the machine was warranted to be in good order for the work required of it,

and that it was in fact wholly useless for that work. This is made clear by the allegation in the answer, in connection with that of the warranty, that if the machine proved to be in good working order and suitable for the defendant's use in his factory, he was to pay the plaintiffs $250 for it.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.