ANDRA GULLIKSON v. OTTO GJORUD.

*Liquor traffic—Civil damage act.*

The liquor law of 1887 makes saloon-keepers *civilly* liable for injuries sustained in consequence of the illegal sale of liquors, which liability they can only escape by taking care that their agents as well as themselves obey the law; citing *Kreiter v. Nichols,* 28 Mich. 496.

Error to Alpena. (Kelley, J.) Argued June 27, 1890. Decided October 10, 1890.

Case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Depew & Rutherford,* for appellant, contended as stated in the opinion, citing no authorities.

*Turnbull & Dafoe,* for plaintiff.

GRANT, J. Defendant was a saloon-keeper. The husband of plaintiff became intoxicated on Sunday, November 27, 1887, fell from the dock into the water, and was drowned. Plaintiff brought this suit to recover damages under the liquor act of 1887, claiming that defendant furnished her husband with intoxicating liquors, which contributed to such intoxication.

The statute enacts that every wife who shall be injured in her person or property or means of support, or otherwise, by reason of the intoxication of any person, or by reason of selling, giving, or furnishing any intoxicating liquors to any person, shall have a right of action against the person so furnishing such liquors which caused or contributed to such intoxication or to such injury. In reply to special questions the jury found that plaintiff's husband lost his life by reason of intoxication, caused in whole or in part by liquors furnished by defendant or his bar-tender; and that his bar-tender furnished her husband liquor while he was in an intoxicated condition. There was evidence to sustain these findings, and they are conclusive. The jury rendered a verdict in favor of plaintiff.

Defendant testified that he had instructed his bar-tender not to open his saloon on that day, and his counsel contend that this would constitute a complete defense to the action, and a charge to that effect was requested and refused.

Defendant kept a grocery store and saloon, the two being separated by a partition, with a door connecting them. He lived in rooms over them. He was there at the time that deceased and his companion went into the store and saloon. There was evidence tending to show that they were intoxicated at the time they came; that they, with others, were in the saloon, and drank there; that deceased's companion had purchased of defendant, the

day before, a bottle of liquor, and other goods, and was to call and get them on this Sunday; and that defendant sent his bar-tender with them into the store to get the goods. Under these circumstances it is no defense that he instructed his bar-tender not to open the saloon. The sale of intoxicating liquors was a part of the defendant's regular business. His bar-tender was his agent, intrusted with the care of the business, and defendant is responsible for all sales made by him. The statute creates a liability against saloon-keepers, and they cannot avoid this liability by instructions given to those they place in charge of such business. The only way they can avoid it is by taking care that they themselves and their agents observe the law. *Kreiter v. Nichols,* 28 Mich. 496.

The court was requested to instruct the jury that, if deceased became intoxicated by the liquor sold to his companion in the bottle, then defendant was not liable. This request was properly refused, because deceased, while at least partially intoxicated, was furnished other liquor at defendant's saloon, and shortly afterwards was drowned.

Upon the question of damages, the court, among other things, instructed the jury as follows:

"You may arrive at it, if you desire to figure it out accurately, by taking the amount he would have contributed in any given year, and dividing that by one dollar plus the legal rate of interest. For instance, if he would have contributed $200 per year, if you divide that by one dollar, plus six cents, that would give the present worth of it if paid at once, and so on through the whole term of years."

This charge must be taken in connection with the whole charge upon this subject. The above portion of the charge was merely an illustration of the method of arriving at the present worth of a sum of money payable in the future, and was evidently so understood by the

jury. The charge upon this branch of the case was clear, explicit, and correct.

Judgment affirmed, with costs.

The other Justices concurred.