JOSEPH B. SAYLES *vs.* DAVID E. FITZGERALD, EXECUTOR.

72  391
73  454
73  665

Third Judicial District, Bridgeport, Oct. Term, 1899. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

If the professional services for which a physician seeks to recover, or a portion of them, were rendered by a substitute provided by him, that fact should be stated in the complaint in order to apprise the defendant of what it is intended to prove, as required by Rule III, § 1, of the Rules Under the Practice Act. If not so alleged, evidence to prove such items will be excluded upon objection of the defendant.

In the present case the substitute testified on his direct examination as to the reasonableness of the plaintiff's charges. *Held* that upon his cross-examination he might be asked whether his own charges for the same services were reasonable, and how much they were.

The plaintiff referred to an account book and afterwards laid it in as evidence. *Held* that evidence that the plaintiff had previously testified in the trial of another case, that he had no books covering the period in question, was relevant and should have been admitted by the trial court.

An answer to the effect that the defendant has no knowledge or information sufficient to form a belief, in respect to a material averment of the complaint, does not relieve the plaintiff from the burden of proving, nor preclude the defendant from controverting, the truth of such averment; and evidence touching such averment should be admitted or excluded precisely as if the defendant had pleaded a denial.

The defendant, an executor, testified that he had been told by the testator shortly before his death, that he owed no one but *B*, but on cross-examination admitted that other bills had been presented and

Sayles v. FitzGerald.

paid by him. *Held* that he should have been permitted to explain that he compromised these claims rather than subject the estate to the expense of litigation.

As bearing on the reasonableness of a charge for a surgical operation, the defendant may show that it was performed in a cellar which, by reason of its contents and condition, was an unfit place for such an operation.

On his cross-examination O, a witness for the defendant, denied that he had been discharged from the plaintiff's service on account of drunkenness. To impeach certain testimony of O, the plaintiff swore that he had discharged O for drunkenness, and on cross-examination said that O was repeatedly intoxicated while in his service. *Held* that under these circumstances the defendant might recall O to contradict the plaintiff, and to show that he had never lost any time while in the plaintiff's employ.

Argued October 24th—decided November 28th, 1899.

ACTION to recover for professional services rendered by a physician, brought to the City Court of New Haven and tried to the jury before *Dow, J.;* verdict and judgment for the plaintiff for $225, and appeal by the defendant for alleged errors in the rulings of the court. *Error and new trial granted.*

The bill of particulars contained the items and dates of the professional services rendered by the plaintiff to John Reilly, defendant's testator, between February 8th and May 16th, 1897, amounting to $391. One item under date of May 2d was for an operation " with Dr. Lamb assisting," for which the charge was $50.

To paragraph 1 of the complaint, which alleged that between the 1st of February and the 1st of June, 1897, the plaintiff rendered professional services to one John Reilly of the city of New Haven of the value of $365, the defendant answered that he had not any knowledge or information thereof sufficient to form a belief. As a second defense the defendant pleaded payment, which was denied by the reply.

During the trial the plaintiff, having admitted on cross-examination that he was sick on certain days for which in the bill of particulars he had charged for services, said that on those days Dr. Lamb had made his calls for him, and that he, the plaintiff, had charged them as his own calls. Upon the redirect examination the plaintiff was asked whether,

during the time he was· sick, any one attended to his work for him. Dr. Lamb, as a witness for the plaintiff, was also asked if he performed services for the plaintiff's patients during the period in question. To these inquiries counsel for defendant objected, upon the ground that neither the complaint nor bill of particulars informed the defendant that he was being sued for services rendered by any one but Dr. Sayles, the plaintiff. The court overruled the objection and admitted the inquiries, and permitted Dr. Lamb to testify that whenever Dr. Sayles was sick he attended to his whole practice, and attended to John Reilly.

Dr. Lamb, having testified what was a reasonable price for dressing the wound and for performing operations upon Reilly, that he had himself repeatedly dressed the wound and had assisted in the operations, and that he had received his pay for his services so rendered for Dr. Sayles, was asked on cross-examination what he charged for such consultation and assistance; and again, " Was your charge a reasonable one ? " These were claimed as proper questions on cross-examination as to the reasonableness of the plaintiff's charges. Upon plaintiff's objection they were excluded.

The plaintiff having referred in his testimony to a book containing an account with said Reilly from February 1st to May 16th, 1897, which he afterwards laid in evidence, the defendant called Mr. Doty, a stenographer, who testified that in the trial of another case in which the plaintiff was a witness, he took his testimony, and further stated such testimony, which was, in effect, that upon the trial of the other case Dr. Sayles had testified that he had no books covering the period embraced by the bill of particulars in this case. Upon motion of plaintiff's counsel the court ordered the testimony of the witness Doty stricken out.

The defendant testified, in substance, that before the plaintiff presented to him his claim in the present suit, the plaintiff said to him that it would be to the advantage of both of them to have the claim allowed; that there was something in it for both of them. Upon motion of plaintiff's counsel the court ordered this testimony stricken out, upon the ground

that under the pleadings the defendant was not permitted to show that the services in question were not in fact rendered.

The defendant, having testified that the testator had stated to him that he owed no one excepting his landlady, Mrs. Butcher, and having stated on cross-examination that bills presented by several other persons had been paid by him, offered by his own testimony to prove the amount of the estate and that he had not paid such bills in full, but, in view of the amount of the estate and to save the expense of litigation, had compromised with such claimants. Upon plaintiff's objection the court excluded the evidence.

Thomas O'Connor, a witness for the defendant, testified that while he was in the plaintiff's employ as a coachman he was present when Reilly paid plaintiff $40 or $45, the plaintiff having testified that he had been paid no part of his said bill. O'Connor also testified to having been present at the operation for which the plaintiff had charged $50 in his bill of particulars. Having stated upon his direct examination, in answer to an inquiry, that the operation was performed in the cellar, he was asked, " What else was kept in the cellar?"; and the further question, " Was the cellar clean?" These questions were claimed for the purpose of showing that the circumstances under which the operation in question was performed were such that the amount charged therefor was unreasonable. Upon plaintiff's objection the court excluded the inquiries, upon the ground that the defendant was not entitled to prove such facts under the pleadings.

The plaintiff having denied the statement of the witness O'Connor, that Reilly had paid to him money in the presence of O'Connor, and having stated that he, the plaintiff, had discharged O'Connor on account of his drunkenness, and (on cross-examination) that O'Connor was repeatedly intoxicated while in his service, O'Connor, who had before, upon cross-examination by plaintiff's counsel, denied that he had been discharged by the plaintiff for drunkenness, was recalled by the defendant and asked if it was true that he became grossly intoxicated while in the plaintiff's service, and whether he ever lost any time while in the plaintiff's employ. These

questions were objected to as immaterial, and as contradict-
ing the testimony of Dr. Sayles elicited by the defendant's
counsel upon cross-examination. The court sustained the
objection and excluded the evidence.

The defendant excepted to the adverse rulings of the
court as above stated, and they constitute his reasons of ap-
peal to this court.

*James P. Pigott* and *Walter J. Walsh,* for the appellant
(defendant).

*Edmund Zacher,* for the appellee (plaintiff).

HALL, J. Under Rule III, § 1, of Rules Under the Practice
Act, the plaintiff in an action to recover for goods sold by
his salesmen, or labor performed by his workmen, in the ordi-
nary manner of such business, would not be required to state
in his complaint that he had acted by such agents. But
physicians do not send agents to perform professional ser-
vices of the kind described in the complaint, and in an action
for such services, which have been rendered by another phy-
sician provided by the plaintiff, that fact should be stated in
the complaint, in order to fairly apprise the defendant of
what is intended to be proved. The court erred in permit-
ting proof, against the defendant's objection, that Dr. Lamb
attended to the plaintiff's patients during the latter's absence.
on certain days named in the bill of particulars.

To test the correctness of the statement of Dr. Lamb upon
his direct examination as to the reasonableness of the plain-
tiff's charges, the defendant should have been permitted on
cross-examination to ask him whether his own charges for
the same services were reasonable, and what those charges
were.

The court erred in striking out the testimony of the sten-
ographer, Doty. It tended to prove that upon the trial of
another case the plaintiff had testified that he had no such
account book as that produced by him on the trial of this
case.

The testimony of the defendant to the effect that the plaintiff offered to, pay him if he, as executor, would allow his claim, was clearly admissible as tending to prove that the plaintiff's claim was not an honest one, and as impeaching the plaintiff's testimony. The reason for the exclusion of this, and of some of the other evidence offered by the defendant, seems to have been a misapprehension by the court of the effect of the defendant's answer that he had no knowledge or information sufficient to form a belief as to the truth of the allegations of the first paragraph of the complaint. The court apparently treated it as so far an admission of the truth of the statements of that paragraph as to preclude the defendant from offering any evidence to contradict them.

Because the defendant cannot in good faith deny the allegations of the complaint, he is not required to admit them. It is intended that he should admit those allegations which he knows to be true, or which, having knowledge or information sufficient to form a belief, he does not believe to be untrue. *Greenthal* v. *Lincoln, Seyms & Co.*, 67 Conn. 372, 377. It is because he can properly neither admit nor deny allegations concerning which he has no actual or presumptive knowledge, that the defendant is permitted to aver the want of such knowledge. When want of knowledge or information sufficient to form a belief is a proper answer, it subjects the plaintiff to the same burden of proving, and gives to the defendant the same right of controverting, the allegations to which it applies, as would a denial. Bliss on Code Pl. § 326; *Newtown Savings Bank* v. *Lawrence*, 71 Conn. 358, 362.

After the defendant had testified that the deceased, shortly before his death, told him that he owed no one but Mrs. Butcher, and on cross-examination had admitted that several other bills had been presented and that they had been paid by him, he should have been allowed to explain that he compromised these claims rather than subject the estate to the expense of litigation.

The questions asked by defendant's counsel of the witness O'Connor for the purpose of showing that the cellar, from its condition and contents, was an unfit place for the per-

formance of the surgical operation in question, were improperly excluded. They were pertinent to the question of the reasonableness of the plaintiff's charge for services on that occasion.

Upon the cross-examination of this witness he denied that he had been discharged from the plaintiff's service for drunkenness. Thereupon, to impeach his testimony that he had seen the deceased pay money to the plaintiff, the latter testified that he discharged O'Connor from his employ for drunkenness, and on cross-examination said that O'Connor was repeatedly intoxicated while in his service. As the cross-examination in which this last statement was made was relevant to the plaintiff's direct testimony that he had for that reason discharged O'Connor, it was competent for the defendant to recall O'Connor to contradict it, notwithstanding that O'Connor had already testified that he was not discharged for drunkenness, and the questions asked him for that purpose should have been permitted.

There is error and a new trial is granted.

In this opinion the other judges concurred.