The demurrer filed to the first defense necessitates a determination of the question as to whether or not the contract above *653 referred to confines the parties to an exclusive remedy by the terms of the second promise therein contained. With reference to the first promise, it may be treated as a simple warranty, collateral to the main promise. The defense set out in the answer relies upon the fact that the plaintiff has failed to tender or to sell him the stock in controversy, at the price agreed upon, within twelve months or within a reasonable time thereafter. From which it will be seen that it is necessary to make an examination of the contract or memorandum of agreement, to answer the question: Is the plaintiff remitted solely to the remedy therein indicated, as provided by the second paragraph in the contract? Did the buyer, the plaintiff, have but a single remedy, to-wit, that of returning the stock and receiving therefor forty .per cent, of its face value? This might be true if the defendant’s contentions were correct that the obligation is simply that of a limited warranty. It might be true if the agreement should be read as an indivisible, inseparable document, but it would not be true if the contract is separable, and does not afford by proper translation an opportunity for the exercise of the doctrine laid down in 8 Cowen, page 31, and in 154 Penn. State, page 190, wherein it was held that the terms of the guaranty, restricted the buyer to accept the remedy provided by the guaranty, to-wit, the return of the articles.
In the ease of Hines, the action was brought for breach of warranty of a steam engine. The defendants had guaranteed that it would give all power needed for threshing purposes; if not, they would take it back. The engine failed to give the power guaranteed; the plaintiffs notified the defendants, and offered the return of the engine. The court held that in an action for breach of warranty, the measure of damages was the difference between the value of the engine as it was at the time of sale, and its value if it had been as guaranteed. In that case, the testimony showed that nothing else was included in the warranty.
In the bell case in 8 Cowen, the vendor guaranteed that the bell would not crack, for a year. In the event that it did, that it should be re-cast. The substance of the guaranty was that the bell should be re-cast within the year on the happening of *654 a single event, and the law would not hold the warrantor to any other measure of relief.
In this and similar cases cited against the demurrer, it will be noted that the obligation upon the purchaser is to restore the articles. The memorandum of sale in this case shows that there is no such obligation on the part of the plaintiff; the memorandum simply states that the defendant agrees to purchase the stock for forty per cent, of its face value, if it-fails to pay four per cent. It does not state that the Crothers must return it upon said terms.
Meacham on Sales, Section 1807, under head of “Waiver of Special Remedy, ” in a suit for breach of warranty, holds:
“These special provisions for the return of goods, if they do not comply with the warranty or other agreement, may, of course, be couched in such terms as to make such return an exclusive remedy.”
In the ordinary case, however, the language used is permissive and not mandatory. As for example; that the buyer may return it, or that the seller agrees to receive it back if not satisfactory; and in such cases it is well settled that the buyer at his option may avail himself of the special remedy or waive it, and sue at law for a breach of warranty.
As stated by Metcalfe, Judge, 10 Cushing, 88:
“When a seller, in addition to a warranty of property, makes a promise to take it back if it does not conform to the warranty, we can not hold that such super-added provision rescinds and vacates the contract of warranty. We ar.e of the opinion that in such cases, the buyer has, if not a double remedy, at least a choice of. remedies, either to return- the property within a reasonable time or keep it and maintain an action for a breach of warranty.” See, also, 56 Conn., 489.
In Kemp v. Freeman, 42 Illinois Appeals, 500, an action was brought on a warranty on the sale of a stallion, wherein a warranty was made that the animal was to be sound and healthy, and in every respect an average breeder. “We agree to ta]re him back and replace him with another horse of equal value and grade,” was the contract. Passing upon this contract, the court said the transaction between the parties was an uncon *655 ditional, absolute and fully completed sale, with the warranty of the seller super-added. Had there been no condition in the contract by which the appellants bound themselves to take the stallion back in case of a breach of the warranty, the appellee could only have kept the horse and brought an action for damages for the breach. The clause by which the appellants agreed that the horse might be returned if there was a breach of the warranty only operated to give the appellee that privilege which otherwise he would not have had. To similar effect, Osborne v. McQueen, 67 Wis., page 392; 81 Wis., 399.
These last cases are interesting as making clear the correctness of the position taken by the plaintiff. In the 70 Fed. Rep., 648, Eyers v. Hadden, an action was brought upon a warranty for sale, reading as follows:
“We hereby guarantee the above named horse. * * * In ease he should prove not to be so, we agree to replace him with another horse of the same breed and price, upon delivery to us of the above-named horse at our stables without cost to us, if as sound and in as good condition as when .purchased of us.”
On the conclusion of the evidence, the defendants asked for a directed verdict because plaintiffs did not return the horse according to the conditions of the warranty, and thus give the defendants an opportunity to replace him. The court held that the plaintiff was not restricted to the special remedy, but might waive it and sue for breach of warranty (see syllabi). In determining the meaning of the warranty in that case, the court stated, at page 651:
“The guaranty is absolute and complete in itself, closing with a full stop. The provision for the return of the horse, which is super-added, does not in terms make it obligatory to the purchasers to return.”
In the case at bar, it is true that the warranty does close with a full stop with the super-added provision (see case of Eyers) “in ease he should prove not to be so.” Observe the language in case at bar: “Failing this,” does not in terms make it obligatory on the plaintiff to return the stock.
Edwards Ritchie and Alfred B. Benedict, for the demurrer.
Robertson & Buchwalter, contra.
In Kemp v. Freeman, cited above, the warranty does not meet the period referred to as “a full stop.” The super-added remedy is introduced by similar words, having in the judgment of the court, a similar effect, to-wit, “and in case he fails.” This clause, the court holds, gives the plaintiff the privilege which otherwise he would not have had. Giving a like construction to the memorandum made at the time of sale in this case, it must be concluded that the plaintiff is not restricted to the special remedy therein suggested, and which by the terms of the agreement is not obligatory, nor does it restrict the plaintiff to but a single remedy, but they may sue for a breach of the warranty.
"We are of the opinion therefore, that the giving of this additional remedy does not deny or abridge any of the remedies provided for by the law. The remedy being simply additional, the party could have elected which one he would reply upon. The case in 2 C. C. — N. S., page 90, is strongly suggestive of the correctness of the reasoning that has here been employed.. We think the demurrer, therefore, for these reasons ought to be sustained.