HORATIO N. CLARK *vs.* JAMES B. WOOSTER ET AL.

Third Judicial District, Bridgeport, April Term, 1906.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A vendee of personal property has the right to rescind an executed contract of sale and return the article purchased, (1) if the contract was induced by the vendor's fraud, and (2) if the terms of the contract give him that right; but cannot do so for a mere breach of warranty.

A complaint alleging a warranty of personal property, a purchase by the plaintiff in reliance thereon, a breach thereof, and the de-

Clark *v.* Wooster.

fendant's knowledge of the defects at the time of making the warranty, is regarded in this State as setting forth a cause of action for a mere breach of warranty and not one for fraud or deceit in the sale; and therefore the plaintiff, under such a complaint, is not entitled to prove that he rescinded the contract and returned the property purchased.

Upon a rightful rescission and return the vendee can, as a general rule, recover only what he has paid under the contract; but if he stands by the contract and sues for a breach of warranty, he may recover what he can prove he has lost thereby.

Evidence upon the part of the plaintiff to prove that one of the defendants acted as agent for the other, as well as for himself, in making the contract sued upon, is inadmissible in the absence of an averment to that effect in the complaint.

A letter of an alleged agent written after the termination of the agency is inadmissible against his former principal, unless shown to have been authorized by him.

In an action to recover damages for the defendants' breach of warranty in the sale of a horse, one of the defendants, *R*, claimed that he had no interest in the horse and took no part in the contract, and it appeared that after the plaintiff had left the horse with *R*, upon the ground that he was not as warranted, *R* sued him for boarding the animal and recovered judgment against him, which was still in full force. *Held* that money paid to *R* upon that judgment could not be recovered in this action, at all events from him.

Argued April 12th—decided June 8th, 1906.

ACTION to recover damages for a breach of warranty in the sale of a horse, brought to the District Court of Waterbury and tried to the jury before *Cowell, J.;* verdict and judgment for the plaintiff, and appeal by the defendant Rogers. *Error and new trial ordered.*

*James A Peasley*, for the appellant (defendant Gilbert B. Rogers).

*William Kennedy*, with whom was *John H. Cassidy*, for the appellee (plaintiff).

TORRANCE, C. J. The complaint in this case, as it stood when suit was begun, alleged in substance the following facts : The defendants on October 21st, 1902, offered to sell

to the plaintiff the horse in question, and both then war-
ranted that it was sound, kind, gentle, and would not
balk. Relying upon said warranty the plaintiff bought
said horse and paid to the defendants therefor the sum of
$125. At the time of said warranty said horse was balky,
unsound, unkind, and worthless, "all of which was well
known by the defendants."

At the trial of the case the complaint was amended by
adding the following paragraph : " As a result of the afore-
said false representations and statements the plaintiff on
the      day of October, 1902, returned said horse to the
defendants, who took the same into possession, and
boarded and kept it, and on the 3d day of December, 1902,
the defendant Gilbert B. Rogers began legal action against
the plaintiff for the board and keep of said horse, and
recovered judgment against the plaintiff for the sum of
$98.88, with costs, and the plaintiff was compelled to pay
to the defendant Rogers the sum of $49.88 for the board
and keep, as aforesaid, and the payment of said sum by
the plaintiff was a loss and damage, the result of the
false representations of the defendants, aforesaid."

The allegations of the complaint were denied by the
answer of each defendant.

The verdict and judgment were against both defendants
for the sum of $164.88, and from that judgment Rogers
alone appeals.

The evidence for the plaintiff tended to prove the fol-
lowing facts : The sale of the horse was made by Wooster
alone, in the absence of Rogers, on the 21st of October,
1902. About this there was no dispute. The warranty
and conditions of sale, claimed by the plaintiff, were made
by Wooster alone at the time of sale ; and the agreed price
of the horse, less $5, was then paid by the plaintiff to
Wooster. As part of the consideration of said sale con-
tract, Wooster warranted, among other things, that said
horse would not balk, and agreed that "if said horse did
not prove as warranted it could be returned, and money
refunded." At the time of said sale Rogers was, with

Wooster, part owner of said horse. The plaintiff accepted the horse, and it proved to be a balky horse, and for this reason he returned it to Wooster and Rogers by leaving it on the premises of Rogers, in the presence of both, saying that he returned it because it was balky. He also then demanded of Wooster and Rogers the sum he had paid to Wooster as the price of the horse, and told them that in default of such payment "he would bring action against them." The money was not paid. "Rogers, at that time, made no claim that he had no interest and was in no way the owner of said horse."

The evidence for Rogers tended to prove the following facts: On the 7th of October, 1902, Rogers sold said horse to Wooster, and then was paid in full for the same. Said sale was an absolute one, and the title to the horse then passed to Wooster. When subsequently Wooster sold said horse to the plaintiff, Wooster was acting for himself, Rogers was not present, and had then no interest, direct or indirect, in said horse or in said sale. Within a short time after the sale to the plaintiff, he and Wooster brought the horse to Rogers' house, and asked him to hitch it up to some light and heavy wagons there, in order to see if it would balk, as the plaintiff claimed it would. While Rogers was testing the horse for such purpose, the plaintiff, refusing to take or keep the horse, drove away, leaving it on the premises of Rogers. Thereupon Rogers unhitched the horse, kept it in his barn, and notified the plaintiff that he would look to him for its board.

Wooster was not personally present at the trial below, but his deposition was put in evidence by his attorney who acted for him during the trial. So far as his evidence tended to prove anything, it tended to prove that he bought the horse from Rogers, and afterward sold it to the plaintiff and received from him therefor $115; and that he did not warrant the horse.

The evidence offered by the plaintiff and by Rogers, relating to the special damages claimed by the plaintiff in the amendment made to the complaint, was substantially the

same, and tended to prove the following facts: Rogers brought suit against the plaintiff for the board of the horse, and attached the horse as the plaintiff's property; and in that suit, in the District Court of Waterbury, Rogers recovered a verdict and judgment against the plaintiff for $98.88. The horse was sold in that action according to law for $49, which amount was paid into court and applied on the judgment, and the remainder, $49.88, was paid to Rogers by the plaintiff.

The errors assigned are somewhat numerous, but as we are of opinion that a new trial must be granted, only a few of them need be considered. The rights of the parties depended largely upon the nature of the cause of action set forth in the complaint, and upon the law relating to the circumstances under which a vendee may rescind an executed sale and return the things sold, and the effect of such rescission; and the charge of the court upon these points was not at all clear and adequate. The cause of action set forth in the complaint is not one for fraud or deceit in the sale. It alleges merely that the defendants warranted the horse, that the plaintiff bought it relying upon such warranty, that the horse was not as warranted, and that the defendants knew it was not. Such a complaint is regarded in this State as counting upon a mere breach of warranty. *Bartholomew* v. *Bushnell*, 20 Conn. 271; *Booth* v. *Northrop*, 27 id. 325, 331. Under his complaint the plaintiff was entitled to prove that a warranty had been made and broken, and the lawful damages caused to him thereby; but he was not entitled to prove that he had rescinded the sale contract and returned the horse, and had the right to do so under the contract, for nothing of this kind was alleged in the complaint, nor was it in issue under the pleadings. Notwithstanding this, however, evidence that a term of the sale contract gave the plaintiff right to return the horse, was received without objection by Rogers; and the case was apparently tried upon the theory, entertained by both court and counsel, that under the complaint the plaintiff had a right to return

the horse and rescind the sale if he proved fraud on the part of the seller, or a term of the contract authorizing such rescission and return, or a mere breach of warranty.

A vendee has the right to rescind an executed sale contract and to return the thing sold, (1) if the contract was induced by the fraud of the vendor; *Shupe* v. *Collender*, 56 Conn. 489, 492, 15 Atl. 405; 2 Mechem on Sales, § 932; and (2) if a term of the sale contract gives him such right. But on an executed sale contract, in this and most of our States, a mere breach of warranty does not give to the vendee the right to rescind and return. *Scranton* v. *Mechanics Trading Co.*, 37 Conn. 130, 132; *Buckingham* v. *Osborne*, 44 id. 133, 139; *Trumbull* v. *O'Hara*, 71 Conn. 172, 41 Atl. 546; 2 Mechem on Sales, § 1805. If the vendee rescinds and returns the thing sold, having the right to do so, either for fraud or by a term of the contract, he can, as a general rule, recover only what he has paid under the contract; but if he stands by the contract, and sues merely for a breach of warranty, he may recover what he can legally prove he has lost by the breach. 2 Mechem on Sales, § 1843. The charge of the court upon all these matters, both in what it expressed and in what it omitted, was wholly inadequate to guide the jury aright in their deliberations; and for this reason alone there should be a new trial.

The complaint alleged, in effect, that Wooster and Rogers personally and together made the warranty, and not that it was made by Wooster acting for himself and as the agent of Rogers. Against Rogers' objection, some evidence of such agency was admitted on the trial, and Rogers asked the court to charge the jury that they could not find that such agency existed, because such fact was not alleged in the complaint. The court refused to so charge, and we think it erred in so doing. Practice Book, p. 14, Rule III, § 1; *Plumb* v. *Curtis*, 66 Conn. 154, 165, 33 Atl. 998; *Porter* v. *Ritch*, 70 Conn. 235, 262, 39 Atl. 169; *Sayles* v. *FitzGerald*, 72 Conn. 391, 395, 44 Atl. 733.

In November, 1902, some two weeks after the sale of the

Clark v. Wooster.

horse to Clark, Wooster wrote a letter to Clark, in answer to one from him, containing statements tending to prejudice Rogers' claim that he had no interest in the horse when it was sold to Clark. The plaintiff offered this letter in evidence, and the court, against the objection of Rogers, admitted it, and we think it clearly erred in doing so. There was no claim or pretence that in writing that letter long after the sale Wooster was acting as the agent of Rogers, or that Rogers had authorized him to write it, or knew that it had been written.

Contrary to the request of the appellant, the court told the jury that in assessing damages in favor of the plaintiff, they might, as against the appellant, take into account the amount paid by the plaintiff upon the judgment set forth in the complaint as amended.

In this we think the court erred. Whether such a charge would have been proper, even as against Wooster, is a question not before the court, and upon it we express no opinion; but clearly it was improper against Rogers. The money which the court thus, in effect, said the plaintiff might recover from Rogers in this suit, was money which the plaintiff had voluntarily paid upon a valid judgment held by Rogers against him, and which has never been reversed nor set aside. Upon the record relating to this part of the case, we know of no rule of law which would entitle the plaintiff to recover the whole or any part of the money so paid.

We deem it unnecessary to consider any of the other assignments of error.

There is error and a new trial is ordered.

In this opinion the other judges concurred.