CLIFFORD S. BANKS *v.* EDGAR G. WATROUS

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued April 6—decided May 19, 1948

*George G. Whitehead* and *George C. Conway,* for the appellant (defendant).

*Johnson Stoddard,* with whom was *Alvin C. Breul, Jr.,* for the appellee (plaintiff).

MALTBIE, C. J.   The plaintiff brought this action under the provisions of § 5992 of the General Statutes to recover damages for the cutting of trees on his property, alleged in the complaint to have been done by the defendant; the case was tried to the jury, and a verdict was rendered for the plaintiff.   The defendant has appealed.

Section 5992 provides: "Any person who shall cut, destroy or carry away any trees, timber or underwood, standing or lying on the land of another or on town commons, without license of the owner, and any person who shall aid therein, shall pay to the party injured one dollar for each tree or pole under one foot diameter; and for each tree of a diameter of one foot or more three times its value; but, when the court shall be satisfied that the defendant was guilty through mistake and believed that the timber was growing on his own land, it shall render judg-

ment for no more than its true value." The defendant was rightfully engaged in lumbering operations on land called the Hanson tract, which adjoined that of the plaintiff. The plaintiff claimed to have proved that employees of the defendant cut twenty trees on his property, twelve of which had a diameter of one foot or more. The defendant contended, among other things, that the trees in question did not stand on land of the plaintiff; and that if his employees did cut trees on the plaintiff's land their acts in so doing were not authorized by him.

The defendant assigns error in certain rulings on evidence. The plaintiff called a civil engineer as a witness and offered in evidence a map prepared by him which the court admitted. The map indicated that the plaintiff's land was bounded by a stone wall on the side where the Hanson tract lay. In an examination preceding the ruling of the court, the witness testified that the boundary lines of the plaintiff's land as they appear on the map were placed there on the latter's representations. It also appeared that the witness had found at the office of the town assessors a map based on an aerial survey on which the plaintiff's name appeared as owner of the land and which depicted the stone wall, and that he had ascertained that the plaintiff had paid taxes on the property. It was not disputed that the plaintiff owned land adjoining the Hanson tract, but one of the principal issues in the case was the location of the boundary between the two properties. A map is the pictorial representation of the testimony of the witness through whom it is offered in evidence. 3 Wigmore, Evidence (3d Ed.) p. 174; and see *Petroman* v. *Anderson,* 105 Conn. 366, 370, 135 A. 391. The plaintiff's statements as to the boundary, and the map in the assessors' office, would not have fur-

nished a sufficient background for oral testimony by the engineer that the stone wall was the boundary. There was no adequate basis for the admission of the map as evidence of that boundary. Had the map been offered for the purpose only of showing physical objects on the lands in order to furnish graphic illustration of the plaintiff's claim, to be verified as to the true boundary by proper evidence, it might well have been admissible; *Dawson* v. *Davis,* 125 Conn. 330, 332, 5 A. 2d 703; but the ruling of the court admitting it as a full exhibit gave it the effect of direct evidence of the location of the boundary. *Bisnovich* v. *British America Assurance Co.,* 100 Conn. 240, 245, 123 A. 339. It was error to admit it as evidence of this fact. *Free* v. *James,* 27 Conn. 77, 79; *Hurlburt* v. *Bussemey,* 101 Conn. 406, 414, 126 A. 273.

The son of the defendant, a witness called in his behalf, who had been on the Hanson lot in connection with the lumbering operations, was asked, "And do you know if anybody directed you or told you where and when to cut?" Objection was made on the ground that the testimony would be hearsay, and sustained. The plaintiff before us admits that the ground of objection was unsound but argues that the error was immaterial and harmless because the acts of defendant's employees had been ratified by him. The question, if the witness had answered that he knew of no such direction, would have been relevant and of some weight in support of the defendant's claim that, if his employees cut trees on the plaintiff's land, it was not by authority from him. The plaintiff claimed to have proved ratification, but it does not appear that this was a conceded or undisputed fact. In this ruling also there was error.

As a new trial must be ordered, we consider certain other claims of error involving matters which may then arise. The defendant on cross-examination was asked whether he personally cut the trees in question and answered that he did not. He was then asked whether his men cut the trees. Objection was made on the ground that, as the complaint alleged that the trees were cut by the defendant, evidence that they were cut by his employees was not admissible, but the court admitted the question. The objection was apparently based on § 118 of the Practice Book, which provides in part: "Acts and contracts may be stated according to their legal effect, but in so doing the pleading should be such as fairly to apprise the adverse party of the state of facts which it is intended to prove. Thus an act or promise by a principal, other than a corporation, if in fact proceeding from an agent known to the pleader, should be so stated; . . ." We have in two instances treated this rule as requiring that, where a plaintiff fails to allege agency, evidence of it is inadmissible, if timely objection is made. *Porter* v. *Ritch,* 70 Conn. 235, 261, 39 A. 169; *Clark* v. *Wooster,* 79 Conn. 126, 131, 64 A. 10. However, the reference in the rule to pleading agency is merely in illustration of the qualification to the statement as to pleading acts and conduct by their legal effect, that the pleading should be such as fairly to apprise the adverse party of the state of facts which it is intended to prove; *Santo* v. *Maynard,* 57 Conn. 157, 161, 17 A. 700; and the rule contains the express limitation that the fact of agency must be known to the pleader. It is to be noted also that the rule does not categorically require that agency shall be pleaded, but uses the words "should be" pleaded. The rule should not be too technically applied. To make inadmissible

evidence of agency when it has not been pleaded, it must appear that the pleader knew of the agency and that the pleading, without the express allegation of the agency, does not fairly apprise the adverse party of the state of facts intended to be proved. *Sayles* v. *FitzGerald,* 72 Conn. 391, 395, 44 A. 733; see *Hotchkiss* v. *DeVita,* 103 Conn. 436, 446, 130 A. 668; *Active Market* v. *Leighton,* 124 Conn. 500, 502, 200 A. 822. In this instance, it would be difficult to believe that the plaintiff did not know that the trees were cut, not by the defendant individually, but by his employees. However, the claims of proof of the defendant state that as a lumber dealer he was engaged in lumbering at about the time of the incident in question on the land of some four owners in the town where the Hanson tract was situated, and employed workmen in carrying on his business. The court could well conclude that he could not reasonably have failed to appreciate that the plaintiff would seek to charge him on the basis of the acts of his employees in cutting the trees. Such a conclusion would justify the admission of the question to which the defendant objected.

The defendant also assigns errors in the charge, but as no objection was made to it at its conclusion, these assignments are not properly before us. We, however, discuss one of them because it involves a question likely to arise on a new trial. The trial court instructed the jury that, if they found the issues for the plaintiff, it was for them to decide how many trees less than one foot in diameter and how many over that diameter were cut, that they were to award damages upon the basis of $1 for each of the former, and that they were then to find the fair market value of each of the latter and award three times that value. The defendant contends that

the tripling of the sum found to be the value of the trees over one foot in diameter was not the function of the jury but of the judge after the jury had returned their verdict. Such a construction of the statute would be impracticable. When a plaintiff claims that trees under one foot in diameter and also larger trees were cut and there is a dispute as to the number of each, or as to the value of the larger ones, the court, in the absence of a special verdict, which the statute does not require, would have no basis upon which it could triple the value of the latter. Moreover, if the defendant claimed that he acted under such a mistake as under the statute would preclude tripling the damages, the issue so presented would be one within the proper function of the jury to determine. The word "court" may include the jury as a constituent part. *Miles* v. *Strong,* 68 Conn. 273, 286, 36 A. 55. In *Petroman* v. *Anderson,* supra, the trial court charged the jury that it was for them to triple the value of trees one foot or more in diameter; 309 Rec. & Briefs 168; and (p. 372) we approved that charge. The cases of *Tillinghast* v. *Leppert,* 93 Conn. 247, 105 A. 615, *Dunbar* v. *Jones,* 87 Conn. 253, 255, 87 A. 787, and *Broschart* v. *Tuttle,* 59 Conn. 1, 8, 21 A. 925, upon which the defendant relies, were brought under a statute permitting the doubling or trebling of damages caused by a violation of the rules of the road "if, in the discretion of the court . . . [such] damages shall be just"; General Statutes § 1642; no such issues are presented in such a situation as are involved under § 5992; and in fact the first two of these cases rather support a conclusion that in this case it is for the jury to treble the damages, because we held that if other causes of action were stated in the complaint and a general verdict was rendered the

statute could not be applied. The trial court correctly instructed the jury that if they found the defendant liable it was for them to treble the value of trees one foot or more in diameter.

The defendant also claims before us that the statute applies only where the defendant personally cut trees and no recovery could be had against him on account of trees cut by his agents or employees. While the report of the case of *Avery* v. *White,* 79 Conn. 705, 66 A. 517, does not show the fact, it was an action brought under the statute; 56 Rec. & Briefs 126; and in our opinion (p. 708) we said: "The defendant having set his choppers to work to cut the larger timber upon the tract in question, would be responsible, clearly, for the necessary consequences." The statute, like others in the statute book which provide damages for wrongful conduct in excess of those ordinarily recoverable, is not a penal statute; *Plumb* v. *Griffin,* 74 Conn. 132, 135, 50 A. 1; *Cristilly* v. *Warner,* 87 Conn. 461, 468, 88 A. 711; it affords the basis of a civil action in which the damages, "assessed because of and with reference to the degree of the defendant's culpability may be, and generally are, compensatory in their nature, although they embrace injuries or expenses not included in strict legal damages." *Cristilly* v. *Warner,* supra, 471. The principle embodied in the maxim, qui facit per alium facit per se, applies, and the defendant would be liable under the statute before us for trees cut in fact by his authorized agents or employees. *George* v. *Gobey,* 128 Mass. 289; *Bryan* v. *Adler,* 97 Wis. 124, 127, 72 N. W. 368; *Gullikson* v. *Gjorud,* 82 Mich. 503, 505, 46 N. W. 723; 2 Mechem, Agency (2d Ed.) § 2000; and see *State* v. *Basserman,* 54 Conn. 88, 93, 6 A. 185. The provision in the statute making liable not only the person who

cuts, destroys or carries away trees but also "any person who shall aid therein" merely gives statutory recognition to the principle that all who actively participate in any manner in the commission of a tort, or who command, direct, advise, encourage, aid or abet its commission, are jointly and severally liable therefor. *Semple* v. *Morganstern,* 97 Conn. 402, 404, 116 A. 906; *Mills* v. *Tiffany's, Inc.,* 123 Conn. 631, 644, 198 A. 185. That rule applies as regards a principal and an agent for whose acts the principal is liable, and suit may be brought against either or both. Restatement, 4 Torts § 882.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.