[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was brought by the plaintiffs, Anthony and Elizabeth Johnson, in four counts against the defendants, Ron's Used Cars Limited and Ronald Baia. The plaintiffs seek to recover damages from defendants based on their purchase in 1985 of a used car represented to have low mileage.
The First Count is based on fraudulent misrepresentation the Second, on the Federal Odometer Disclosure law, 15 U.S.C. § 1988 and 49 C.F.R. § 580 et seq. The Third Count is predicated on provisions of the Connecticut Odometer Tampering Law, C.G.S. sec. 14-106b(d). The Fourth Count recites unfair trade practices based on the Connecticut Unfair Trade Practices Act (CUTPA), C.G.S. sec. 42-110a et seq.
The court finds the following facts proven by a fair preponderance of the credible evidence presented at trial. On May 16, 1985, the Johnsons purchased a used 1983 Plymouth Reliant station wagon from Ron's Used Cars Limited for the sum of $5,615. The car had been acquired in an arm's length transaction by Ron's Auto Wholesalers, Inc. for $3,000. on May 14, 1985. The Johnsons' decision to buy the car was induced by specific representations made by Ronald Baia that the car had low mileage. At all pertinent times, Baia was President and Sales Manager of defendant corporation. The Johnsons inspected the vehicle and the odometer before the purchase. At the time they did so, the odometer registered mileage under 17,000. The Johnsons relied on those representations. In fact, the car had an actual mileage of 101,893 at that time, a fact which was known to defendants. A CT Page 4667 warranty limited to six months or 6,000 miles was given by defendants.
The sales contract presented to the Johnsons by Baia contained a mileage section which was left incomplete contrary to customary practice. At the time the sale was consummated, the defendants failed to provide the Johnsons with the required federal odometer statement.
After making the purchase, the Johnsons suffered numerous mechanical problems with the car. In the course of servicing, they were led to discover the actual mileage from records of the Department of Motor Vehicles. Inquiry of defendants ultimately produced a copy of the sales contract on which the mileage was indicated to be 16,774. Plaintiffs spent $1,581.78 for repairs and car rentals brought about by the mechanical problems experienced. They also incurred reasonable attorneys' fees amounting to $13,367.50. Although defendants offered to repurchase the car for the original purchase price, plaintiffs rejected that offer and finally sold the car for $50. in December 1989.
First Count: Fraudulent Misrepresentation
The essential elements of this cause of action are: (1) that a false statement was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it: (3) that it was made to induce the other party to act on it; and (4) that the latter did so act to his injury. Maturo v. Gerard,196 Conn. 584 (1985). All four elements of this cause of action have been proven by plaintiffs. The representation as to low mileage was patently untrue. That it was made as a statement of fact was clearly established. Defendants knew the representations were untrue by virtue of their knowledge of the actual mileage. Defendants had an affirmative duty to disclose the actual mileage. Pacelli Brothers, Inc. v. Pacelli, 189 Conn. 401, 407
(1983). That the representations were made to induce the Johnsons to act is beyond question under the circumstances of the transaction. Both defendants are liable as joint tortfeasors by authority of Gionfriddo v. Gartenhaus Cafe, 15 Conn. App. 392
(1981) and Bank v. Watrous, 134 Conn. 592 (1948).
Second Count: Federal Odometer Disclosure Law,15 U.S.C. § 1981 et seq.
The above statute provides in pertinent part:
 (a) Any person, who with intent to fraud, violates any requirement imposed under this title shall be liable in an amount equal to CT Page 4668 the sum of —
 (1) three times the amount of actual damages sustained or One Thousand Five Hundred Dollars ($1,500.00), which ever is the greater; and
 (2) in the case of any successful action to enforce the foregoing liability the costs of the action together with reasonable attorney's fees as determined by the Court. 15 U.S.C. § 1989
 Pursuant to 15 U.S.C. § 1988, the Secretary of the Department of Transportation is charged with the promulgation of regulations with respect to odometer disclosure requirements. Pursuant to that duty, the Secretary promulgated regulations appearing at 49 C.F.R. § 580, et seq., regarding the requirements for providing odometer disclosure statements to purchasers of used cars at the time of sale. The regulations in force at the time of sale of the Plymouth provided:
 (a) Before executing any transfer of ownership of documents, each transferor of a motor vehicle shall furnish to the transferee a written statement signed by the transferor, containing the following information:
 (1) the odometer reading at the time of transfer;
(2) the date of transfer;
(3) the transfers' name and address;
 (4) the transferee's name and current address; and
 (5) the identity of the vehicle, including its make, model, year, body type and its vehicle identification number. CT Page 4669
Defendants clearly violated 15 U.S.C. § 1988 (b) by failing to provide the requisite odometer statement at the time the car was sold. Further, as noted above, defendants did so while possessing an actual intent to defraud the plaintiffs. Defendants' conduct in misrepresenting the facts and withholding essential information and documents point clearly to that conclusion.
Third Count: Connecticut Odometer Tampering Law, Conn. General Statutes, Sec. 14-106b.
That statute, in pertinent part, provides that ". . . no person or his agent shall remove, turn back or change the reading of the odometer of any motor vehicle. . . ."
The state of the evidence on this issue is not clear. Because there appear to be several plausible explanations for the low odometer reading, the court cannot conclude by the requisite standard that defendants violated the above statute. Fourth Count: CUTPA, Conn. Gen. Stat. Sec. 42-110a et seq.
By virtue of defendants' acts of fraudulent misrepresentation and violation of the Federal Odometer Disclosure Statutes, defendants are properly chargeable with violation of CUTPA which prohibits unfair methods of competition and unfair or deceptive acts and practices in the conduct of any trade or commerce. Web Press Services Corp. v. New London Motors, 203 Conn. 342 (1987); See Conaway v. Prestia, 191 Conn. 484
(1983).
Damages
In an action for fraud "The plaintiff purchaser is entitled to recover the difference between the property actually conveyed and the value of the property as it would have been if there had been no false representation." Miller v. Appleby, 183 Conn. 51,57 (1981). In this case, the plaintiffs are entitled to recover $2,615.00, the difference between the amount paid ($5,615.00) and the actual value ($3,000 — the amount paid at arm's length by defendants a few weeks earlier). In addition, the plaintiffs are entitled to recover $1,581.78, the amount expended on repairs and rental cars necessitated by the fraudulent misrepresentation.
Plaintiffs are further entitled to recover reasonable attorneys fees, found to be $13,367.50 under the First, Second and Fourth Counts.
Violation of the federal odometer disclosure law entitles plaintiffs to recover as punitive damages three times their actual damage. Actual damages of $4,196.78 yields a treble damage award CT Page 4670 in the amount of $12,590.34. The violation of CUTPA would entitle the plaintiffs to punitive damages, as well.
Accordingly, judgment is entered in favor of plaintiffs on the First, Second and Fourth Counts in the amount of $30,154.62. Judgment is found in favor of defendants on the Third Count.
BARRY R. SCHALLER, JUDGE